**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**FREDERICK O. ARMSTEAD,**<br><br>**Defendant** | **NO. 5: 05-CR-105 (WDO)**<br>**(5:05-MJ-12-01 (CWH))**<br><br>**VIOLATION: 18 U.S.C. §2243(a) and §2246** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Charles E. Cox, Jr. of the Macon Bar; the United States was represented by Assistant U. S. Attorney George R. Christian. Based upon the evidence presented and proffered to the court by the parties and the contents of the Pretrial Service Report dated December 5, 2005, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the testimony presented and evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 5, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant ARMSTEAD and the safety of the community were he to be released from custody at this time. The offense charged against the defendant is a serious crime of violence for which he faces long-term imprisonment if convicted. The weight of evidence is strong with the victim admitting to having had a sexual relationship with him for 2-3 years; the victim is 14 years old and admits to having sexual intercourse with the defendant at Robins Air Force Base within the past week after having traveled with him from Louisiana to Georgia. Defendant ARMSTEAD has no ties to the Middle District of Georgia although he has strong ties to the State of Louisiana. He has been gainfully employed as a police officer in Bunkie,

Louisiana for 10 years; however, there is evidence that he has been terminated as the result of the incident for which he is currently under [federal] indictment. The defendant's lack of ties to the Middle District of Georgia together with the long-term imprisonment he faces if convicted lead the court to find that he would pose a serious risk of flight were he to be released from custody. Likewise, the nature of the offense charged involving a minor female of the age of 14 leads the court to believe that he would pose a danger to the victim were he to be released from custody: they reside in the same community, and the threats of retaliation, undue influence, and intimidation are clearly present. Under these circumstances, pretrial detention is mandated. IT IS SO ORDERED AND DIRECTED.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 7th day of DECEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE